# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| MICHAEL DALE KELLEY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA; MONTANA ATTORNEY GENERAL; LEWIS AND CLARK COUNTY; LEWIS AND CLARK COUNTY ATTORNEY; CITY OF HELENA,<br><br>Defendants. | Cause No. CV 12-00082-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

## SYNOPSIS

Plaintiff Michael Kelley filed an Amended Complaint alleging he was illegally incarcerated for ten months before the sentencing court corrected his sentence. C.D. 9. The Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed. Mr. Kelley makes only vague allegations that he was sentenced under the wrong case number and he fails to name a proper defendant.

## JURISDICTION

Mr. Kelley filed this action in federal court. C.D. 2. The Court has personal

jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Amended Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

A pre-service review of Mr. Kelley's original Complaint found that his allegations were unclear and conclusory. He failed to make any allegations against the named Defendants and the well-plead facts did not allege a constitutional violation. Mr. Kelley was granted leave to amend his Complaint. C.D. 8. On December 12, 2012, Mr. Kelley filed an Amended Complaint. C.D. 9.

## STANDARDS

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## B. Leave to amend

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d

531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. 42 U.S.C. § 1983

"[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

Prosecuting attorneys who act within the scope of their duties are also absolutely immune from a suit brought for damages under 42 U.S.C. § 1983

4

"insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Ashelman, 793 F.2d at 1076, 1078).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). In Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. See also Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

## FACTS

For purposes of this review, Mr. Kelley's allegations are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded. According to the factually supported allegations in the original Complaint, Mr. Kelley was arrested on July 27, 2009 for failure to give notice of change of address by a violent or sexual offender and sentenced to prison under Cause No. CDC 2009-260. But he alleges his suspended sentence was revoked under Cause No. BDC 2009-59. Thus, he alleges he was sent to prison

under the wrong sentence and spent approximately ten months illegally incarcerated. He alleges this error was discovered and corrected by the Court in March 2010. C.D. 2, p. 2.

The only additional facts provided in the Amended Complaint are that Mr. Kelley advised Judge Seeley, Deputy County Attorney Tara Harris, and his attorney that he was being held on an erroneous sentence. C.D. 9, p. 4.

## ANALYSIS

As set forth in the Court's prior Order, Mr. Kelley only alleged that he was sentenced under the wrong case number. He does not allege that the conviction or sentence was reversed. Thus, the claim is barred by Heck, 512 U.S. 477.

Moreover, he has not named a proper defendant. Judge Seeley is entitled to absolute judicial immunity for presiding over Mr. Kelley's sentencing because her actions were part of her official duties. Ms. Harris is entitled to prosecutorial immunity because her alleged acts are intimately associated with the prosecution of Mr. Kelley. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997). Mr. Kelley cannot state a federal cause of action against his criminal defense attorney because the defense attorney is not a state actor. Polk County, 454 U.S. 312. Lastly, as set forth in the Court's prior Order, all claims against the State and all state officials in their official capacity are barred by the Eleventh Amendment.

Finally, Mr. Kelley alleges that Lewis and Clark County and the City of Helena had a custom, policy or practice to rush through sentencing without verifying the case number. To establish liability against a city or county, a plaintiff must show that his constitutional rights were violated pursuant to a policy, practice, or custom of the County. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). In Starr v. Baca, 652 F.3d 1202 (9th Cir.2011), the Ninth Circuit concluded that a pleading of municipal liability "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and that the facts must "plausibly suggest an entitlement to relief." Id. at 1216 (citations omitted); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636–38 (9th Cir. 2012) (noting impact of recent Supreme Court decisions, including Twombly/Iqbal, on pleading standards, and applying Starr to municipal liability claims, holding that "plausible facts supporting a policy or custom . . . could . . . cure[ ] the deficiency in [a] Monell claim").

Mr. Kelley alleges all three bases for Monell liability. CD 2. But he only asserts bare legal conclusions. There are no facts pled in support of any of these theories of liability. In addition, as set forth above, even if there was a clerical error regarding the case number under which Mr. Kelley was sentenced, there is no allegation that the time served would not have been appropriate under the correct

7

case number. Even construing Mr. Kelley's Complaint liberally, the alleged improper case number does not implicate a federally protected right.

## CONCLUSION

Mr. Kelley's allegations fail to state a claim upon which relief may be granted as set forth above and in the Order dated November 19, 2012. C.D. 8. Mr. Kelley was given an opportunity to correct these defects and he provided no new facts to establish a constitutional violation. Therefore, the defects could not be cured by further amendments and the case should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Kelley failed to state a claim upon which relief may be granted.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Kelley's Complaints fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Kelley SHALL

IMMEDIATELY ADVISE the Court of any change of address. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Kelley's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Kelley's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Kelley may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Kelley files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Kelley from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 19th day of February, 2013.

                                        /s/ Keith Strong
                                        Keith Strong
                                        United States Magistrate Judge