

FILED
JUN 12 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DALE KELLEY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA; MONTANA ATTORNEY GENERAL; LEWIS AND CLARK COUNTY; LEWIS AND CLARK COUNTY ATTORNEY; CITY OF HELENA,<br><br>Defendants. | CV 12–00082–H–DLC–RKS<br><br>ORDER |

Plaintiff Michael Kelley ("Kelley") filed an Amended Complaint alleging Defendants violated his constitutional rights by illegally incarcerating him for ten months before the sentencing court corrected his sentence. (Doc. 9.) United States Magistrate Judge Keith Strong entered Findings and Recommendations on February 19, 2013. (Doc. 10.) Judge Strong recommended Kelley's Complaint be dismissed because it is barred by the *Heck* doctrine. Kelley timely objected and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error.

1

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Strong's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Kelley makes many objections to Judge Strong's findings and recommendations, none of which address Judge Strong's main conclusion that Kelley's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). In *Heck,* the Court held

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 487. Additionally, this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

In his objections, Kelley fails to state whether his sentence was reversed or invalidated. Kelley only asserts that his sentence was "corrected." (Doc. 9 at 4.) A corrected sentence is not a reversal or invalidation. Thus, any judgment by this Court in Kelley's favor would necessarily imply the invalidity of his conviction and sentence in State court for failure to register as a violent or sexual offender. As such, Kelley's objections under the Fifth and Fourteenth Amendments are all *Heck*-barred and his Complaint must be dismissed. There being no clear error in Judge Strong's remaining Findings and Recommendations,

IT IS ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 10) are adopted in full.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because of Plaintiff's failure to state a claim upon which relief may be granted.

4. Pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith because the complaint lacks arguable substance in law of fact.

DATED this 12th day of June, 2013.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court